**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Steven Lee Tucker, | ) | No. CV-08-0264-PHX-FJM |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Dora B. Schriro, et al., | ) | |
| Defendants. | ) | |

The court has before it petitioner's amended petition for a writ of habeas corpus for a person in state custody, pursuant to 28 U.S.C. § 2254 (doc. 12), respondents' answer (doc. 13), petitioner's reply (doc. 18), and petitioner's supplemental reply brief (doc. 21). We also have before us the Report and Recommendation of the United States Magistrate Judge recommending that the petition for writ of habeas corpus be denied (doc. 27), and petitioner's objections to the report and recommendation (doc. 32). Petitioner requests that we overturn his conviction, or in the alternative, order an evidentiary hearing or re-sentence petitioner to the presumptive sentence for each charge.

**I**

On November 18, 1987, petitioner was indicted for three counts of child molestation and one count of sexual conduct with a minor. The state also alleged that petitioner had been

1  previously convicted of child abuse, and that he committed the charged offense while on
2  probation. On June 26, 1988, petitioner pled guilty to two counts of attempted child
3  molestation, which are class three felonies and dangerous crimes against children. On
4  August 30, 1988, the Superior Court of Arizona sentenced petitioner to fifteen years for each
5  count, to be served consecutively. Petitioner's counsel had requested a mitigation hearing,
6  but presented no mitigation. The court found the following factors supported an aggravated
7  term: previous probation, the nature of the offense, the probation officer's recommendation
8  that he receive an aggravated term, a record of prior similar problems, and that petitioner was
9  a danger to his family and others. On direct appeal, petitioner argued that he was not
10 informed that he would not be eligible for earned release credits and therefore his plea was
11 invalid because it was not intelligently made. The Arizona Court of Appeals affirmed the
12 trial court's sentence and judgment, and the Supreme Court of Arizona denied petitioner's
13 petition for review on September 26, 1989.

14 On November 23, 2004, petitioner filed a Rule 32 Petition for Post-Conviction Relief,
15 alleging ineffective assistance of trial counsel, ineffective assistance of appellate counsel, the
16 trial court's improper use of aggravating factors, the trial court's improper sentencing beyond
17 the presumptive term, and a violation of the Eighth Amendment. The court dismissed all of
18 petitioner's claims except his claims that the trial court relied on improper aggravating
19 factors and a conflict of interest with trial counsel. The court held an evidentiary hearing,
20 and on August 11, 2005, dismissed petitioner's petition and denied his motion for rehearing.
21 The Arizona Court of Appeals denied petitioner's petition for review on September 13, 2006,
22 and the Arizona Supreme Court denied his petition for review on February 8, 2007.

23 Petitioner then filed this petition. He raises four grounds for relief: (1) petitioner was
24 denied effective assistance of trial counsel; (2) petitioner was denied effective assistance of
25 appellate counsel; (3) petitioner was denied Due Process when the trial court abused its

1  discretion; and (4) petitioner was denied Due Process at the trial court's evidentiary hearing.[1]
2  In his Report and Recommendation, the Magistrate Judge concluded that petitioner's petition
3  was not timely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),
4  and that petitioner was not entitled to statutory or equitable tolling.  He therefore
5  recommended that the petition be denied.

**II**

Petitioner filed his petition on February 8, 2008.  Petitioner's state court conviction became final on December 26, 1989, the date the ninety-day period to seek a writ of certiorari from the United States Supreme Court expired.  See Zepeda v. Walker, 581 F.3d 1013, 1016 (9th Cir. 2009).  AEDPA imposes a one year statute of limitations period for petitions filed by state prisoners.  28 U.S.C. § 2244(d)(1)(A).  Because petitioner's state court judgment became final before the enactment of AEDPA, petitioner had a one year grace period during which to file his petition.  See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001).  Therefore, in order to be timely, this petition had to be filed by April 24, 1997, a year after the effective date of AEDPA.  Id. at 1246.  The time that petitioner's application for state post-conviction relief was pending is not counted toward the limitation period.  28 U.S.C. § 2244(d)(2).  Petitioner did not file his Rule 32 Petition for Post-Conviction Relief until November 23, 2004, over seven years after the AEDPA deadline expired, and his state petition does not reinitiate the federal limitations period.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).  Accordingly, petitioner must explain this lengthy delay.

**A**

Petitioner claims that because he was denied effective assistance of appellate counsel, his first round of appellate proceedings cannot be considered a "direct review" for purposes

---

[1] Respondents break down petitioner's claims into subclaims, and argue that not all subclaims were properly exhausted. Answer at 26–33. The Magistrate Judge also referenced subclaims. Report and Recommendation at 2. Petitioner objects to the breakdown of his claims into subclaims. Objections at 3. Because we do not reach the issue of procedural default, we need not consider whether petitioner's claims can be properly broken into subclaims for purposes of exhaustion.

1  of the AEDPA filing deadline. Petitioner claims that appellate counsel never discussed the
2  issues on appeal with him, and that he refused petitioner's request to raise the ineffective
3  assistance of trial counsel, instead incorrectly advising him that his ineffective assistance
4  claim would be the subject of a Rule 32 petition, and was not an issue for direct review.
5  Petitioner claims that "direct review" for AEDPA purposes should not attach to the appellate
6  proceedings, especially as to the ineffective assistance of trial counsel claim, which the trial
7  court did not consider in his Rule 32 petition, deeming it waived. Petitioner contends that
8  if appellate counsel had not failed to raise his ineffective assistance of trial counsel claim, the
9  trial court would have found the claim to be meritorious and afforded him a new round of
10 appeals, or "direct review."

11 Petitioner cites no authority for the proposition that ineffective assistance of appellate
12 counsel can render an appeal a "nullity" for purposes of the AEDPA filing deadlines, and we
13 see no reason why it should. If petitioner believed trial counsel and appellate counsel were
14 ineffective, he could have raised the issues in a timely filed habeas petition, and we would
15 have had jurisdiction to consider the merits of those claims. Appellate counsel's failure to
16 raise the ineffective assistance of trial counsel claims did not delay the filing of petitioner's
17 petition for federal review for over eight years. The state appellate proceedings were not a
18 nullity, and the AEDPA filing deadline applies to petitioner.

**B**

20 Petitioner seeks to statutorily toll the time from April 24, 1996, the effective date of
21 AEDPA, until the filing of his petition, February 8, 2008. The one-year statute of limitations
22 may be statutorily tolled until "the date on which the impediment to filing an application
23 created by State action in violation of the Constitution or laws of the United States is
24 removed, if the applicant was prevented from filing by such State action." 28 U.S.C. §
25 2244(d)(1)(B). Petitioner claims that the states's failure to provide petitioner with AEDPA
26 deadline information is a failure to provide meaningful access to the courts, in violation of
27 the Fourteenth Amendment, thereby entitling him to statutory tolling. See Whalem/Hunt v.
28 Early, 233 F.3d 1146 (9th Cir. 2000) (petition remanded for evidentiary hearing due to the

- 4 -

1    absence of a copy of AEDPA in the prison law library and prisoner's lack of knowledge of
2    any limitations period); Roy v. Lampert, 465 F.3d 964, 975 (9th Cir. 2006) (remanding for
3    an evidentiary hearing because of questions regarding the "availability of AEDPA in the
4    Arizona prison law library."). Petitioner claims he had no knowledge of the AEDPA statute
5    of limitations until he received respondents' answer to his petition in February, 2008.
6    Petitioner contends that the prison library does not contain any information regarding the
7    AEDPA deadline, and this impeded the filing of his petition by failing to provide meaningful
8    access to the courts. Reply at 11. He cites Department Order 902, which lists all volumes
9    that were in the prison library, and claims that he was familiar with all of them. Reply, ex.
10   13k. Petitioner also included a letter confirming that the library does not contain a copy of
11   28 U.S.C. § 2244, the statute containing the limitation, because it is not listed in Department
12   Order 902. Reply, ex. 14. Petitioner also explains that the deadline is not listed in (1) 28
13   U.S.C. § 2254; (2) the court provided form that he received in 1999; or (3) "Rules Governing
14   § 2254 Cases" (which he says lacked a reference to the deadline until Rule 3(c) was added
15   in April, 2004). Reply, exs. 16 & 18.

16         The deadline cannot be statutorily tolled if any volume in the library contained the
17   AEDPA filing deadline. Here, several volumes listed in Department Order 902 include the
18   deadline. The 1997 edition of Federal Criminal Code and Rule, the 1997 edition of Federal
19   Civil Judicial Procedure and Rules, and Larry W. Yackle's Post-Conviction Remedies (1981
20   & Supp.2000) contain AEDPA. See Bryant v. Arizona Atty. Gen., 499 F.3d 1056, 1058 (9th
21   Cir. 2007) (citing evidence that copies of these volumes "were shipped to the Florence
22   complex in March and April 1997."). Petitioner concedes that he had access to these
23   volumes for at least part of the relevant period, and therefore, a constitutional impediment
24   did not exist throughout the nearly twelve years petitioner seeks to statutorily toll.

25                                                **C**

26         AEDPA's one year statute of limitations is also subject to equitable tolling. Holland
27   v. Florida, __ U.S.___, ___, 130 S.Ct. 2549, 2560 (2010). "A petitioner is entitled to
28   equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2)

- 5 -

1 that some extraordinary circumstance stood in his way and prevented timely filing." Id. at
2 2562. The diligence required is "reasonable diligence, not maximum feasible diligence."
3 Id. at 2565. Ineffective assistance may constitute an extraordinary circumstance, but "a
4 garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer
5 to miss a filing deadline does not warrant equitable tolling." Id. at 2564 (internal citations
6 omitted). The threshold necessary to trigger equitable tolling "is very high, lest the
7 exceptions swallow the rule." Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010).
8 Petitioner contends that the repeated ineffective assistance of his attorneys constitutes
9 extraordinary circumstances. Petitioner must show that "the extraordinary circumstances
10 were the cause of his untimeliness and that the extraordinary circumstances made it
11 impossible to file a petition on time." Id. It is not sufficient that counsel was negligent; only
12 representation that meets "the extraordinary misconduct standard can be a basis for applying
13 equitable tolling." Id.

14 Petitioner's appellate attorney told him that his ineffective assistance claim would
15 have to be raised in a Rule 32 petition, and gave him no instruction on how to file it. In
16 1992, after direct review became final, petitioner retained another attorney, and gave him his
17 files. That attorney subsequently stopped communicating with petitioner, and petitioner was
18 unable to get his files back, despite efforts to contact the State Bar. Petitioner then retained
19 another lawyer, whom he believed was reassembling his case file and working on his Rule
20 32 petition for five years, and whom he paid over $23,000.00. In fact, when petitioner's
21 fiancé moved to the United States and met with this latest lawyer, she discovered his
22 representation had been a sham, and in 1997, petitioner filed complaints against him in
23 Arizona and Washington (where the attorney had already been disbarred). Petitioner was left
24 with no assets and no case file or records. Petitioner and his family members then
25 reassembled his case file, and obtained a recantation affidavit from one of the victims.
26 Reply, ex. 33. In 2001, petitioner hired another attorney, who filed his Rule 32 petition on
27 November 23, 2004.

28 Petitioner contends that one attorney's "representation" was a sham, and that coupled

- 6 -

1   with the previous lawyer's loss of his case file, constitutes an extraordinary circumstance.
2   Petitioner claims that this resulted in him not being able to file in state court until November
3   23, 2004, which subsequently delayed the filing of his habeas petition.  He contends that
4   counsels' actions left him with no case file, no court record, and no money, and were
5   physically, psychologically and financially debilitating.

6   We conclude that the ineffective representation of petitioner's attorneys does not
7   constitute extraordinary circumstances that entitle petitioner to tolling of the AEDPA
8   deadline from 1997 until he filed his Rule 32 petition on November 23, 2004.  It is true that
9   counsel's delay and failure to file a petition can justify the tolling of the AEDPA deadline,
10  and  petitioner's attorneys' respective conduct appears to have fallen well short of
11  professional standards.  However, petitioner has not shown that the effects of this
12  representation, i.e. the lack of a case file and funds, were an extraordinary circumstance that
13  lasted until 2004.  Even if the representation could be the basis for tolling the filing deadline
14  for some reasonable period of time, it does not meet the high standard necessary to toll the
15  deadline for over seven years.  See Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003)
16  (counsel's failure to timely file a petition after petitioner hired him almost a year in advance
17  of the deadline and contacted him numerous times to check on his progress constituted an
18  extraordinary circumstance, and tolled the deadline to allow review of a petition filed 226
19  days after the statute of limitations had run).

20  Petitioner also claims he was diligent.  He retained a lawyer to prepare his Rule 32
21  petition several months after his direct review ended.  When that lawyer stopped
22  communicating, petitioner retained another, whom he claims took advantage of him for five
23  years. Petitioner then pursued all corrective actions available, including bar complaints, a
24  civil complaint, "an application for recompense," and communications with the state
25  Attorney General and bar associations. Between 1997 and 2001, petitioner again collected
26  evidence, records, witness testimony, experts, and funding in order to rebuild his case file.
27  Petitioner provided that information to a newly-retained lawyer, who then proceeded to work
28  on his case for three years, and submitted his Rule 32 petition on November 23, 2004.

1    The Magistrate Judge concluded that petitioner was not sufficiently diligent between 1997 and 2001, the time between petitioner's discovery that his lawyer had not been working on his Rule 32 petition and the retention of another lawyer to prepare the petition. The Magistrate Judge explained that petitioner gave no reason why it would take four years to recapture his legal documents, and that petitioner could have retained a lawyer, pursuant to Rule 32.5(b), once he showed sufficient evidence of indigency. Moreover, the Magistrate Judge observed that petitioner's correspondence with appellate counsel suggested he was capable of filing his petition without any legal assistance or without reassembling his entre case file, and that he did not take advantage of available assistance from the prison paralegal. Additionally, the Magistrate Judge concluded that even if petitioner was entitled to tolling from 1997 to 2001, petitioner has not provided an adequate explanation for why it took his new counsel over three years to prepare his Rule 32 petition.

We agree that petitioner was not reasonably diligent. Although he apparently worked to restore his case file in its entirety, and to overcome the impediments imposed by his lawyers' failures, that does not demonstrate reasonable diligence over such a long period. Additionally, even if petitioner had to proceed pro se because he could not have shown the indigency required to obtain court-appointed counsel, this could not toll the statute of limitations for the necessary amount of time. The existence of filing deadlines necessarily means that not every submission will be perfectly complete, and the deadline cannot be tolled endlessly until petitioner is wholly satisfied with his petition.

**III**

Petitioner argues that through its rules on post-conviction relief, the State of Arizona is estopped from asserting a statute of limitations defense. Supplemental Reply at 4. He claims that once the state accepted his Rule 32 petition in 2004 (pursuant to an exception to its filing deadlines), it waived its interest in finality, and that we should defer to the state's procedural rules. Petitioner concedes that no case law directly supports this proposition, and the Magistrate Judge concluded that petitioner cannot sidestep the one year federal statute of limitations because of Arizona's procedural rules. Report and Recommendation at 13.

We agree. Arizona may of course implement Rule 32 procedures in accordance with its own priorities and interests. But the application of a federal statute of limitations is not dependant upon a state's decision to accept a late petition. We conclude that petitioner must comply with AEDPA.

### IV

Petitioner contends that his claim of actual innocence justifies an exception to the AEDPA statute of limitations. Supplemental Reply at 15. However, no such exception exists. See Lee v. Lampert, 610 F.3d 1125, 1133 (9th Cir. 2010).

### V

Because this petition was not timely filed, we accept the recommended decision of the Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1). **IT IS ORDERED DENYING** the amended petition for writ of habeas corpus (doc. 12). **IT IS FURTHER ORDERED** that the clerk shall substitute Charles L. Ryan, Director of the Arizona Department of Corrections, for respondent Dora B. Schriro. **IT IS FURTHER ORDERED DENYING** a certificate of appealability and leave to file *in forma pauperis* because a plain procedural bar is present and a reasonable jurist could not conclude that petitioner should be allowed to proceed further. See Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604 (2000).

DATED this 17th day of November, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge